**[J-77-2015][M.O. – Todd, J.]**

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, BY KATHLEEN G. KANE, ATTORNEY GENERAL; PENNSYLVANIA DEPARTMENT OF INSURANCE, BY TERESA D. MILLER, INSURANCE COMMISSIONER; AND PENNSYLVANIA DEPARTMENT OF HEALTH, BY DR. KAREN MURPHY, SECRETARY OF HEALTH | : : : : : : : : : : : |
| v. | : : : |
| UPMC, A NONPROFIT CORP.; UPE, A/K/A HIGHMARK HEALTH, A NONPROFIT CORP., AND HIGHMARK, INC., A NONPROFIT CORP. | : : : : : : |
| APPEAL OF: UPMC, A NONPROFIT CORP. | : : : |

No. 48 MAP 2015

Appeal from the Order of the Commonwealth Court at No. 334 MD 2014 dated 5/29/15

ARGUED: October 6, 2015

**CONCURRING OPINION**

**MR. CHIEF JUSTICE SAYLOR**                    **DECIDED: November 30, 2015**

I join the majority opinion subject only to the following difference.

I agree with Mr. Justice Baer that there is less of an ambiguity in the Vulnerable Populations Clause of the Consent Decree than that majority opinion portrays, in light of his apt explanation that the third sentence simply is not illegal or meaningless if directed to participants in Medicare Parts A and B alone. *See* Dissenting Opinion, *slip op.* at 6-7 & 10. Nevertheless, I believe that there is still sufficient ambiguity to justify the inquiry,

beyond the four corners of the Consent Decree, into the reason why the specific "continue to contract" language did not encompass Medicare Advantage.

In this regard, in the Consent Decree "Medicare" and "Medicare Advantage" are treated collectively as a single vulnerable-population segment -- under the sub-clause "(i)" – in the first sentence of the Vulnerable Populations clause. This would seem to me to bolster the plausibility of the drafter(s) having used the terms "Medicare participating consumers" in the third sentence as a shorthand encompassing the Medicare units previously treated on a collective basis. Particularly in the landscape of the broader understanding, captured in the majority opinion, of the overarching intent to protect members of vulnerable populations – defined as including Medicare Advantage participants – and the *parens patriae* overlay of the case, I support the finding of ambiguity and the consequences flowing from this determination.